THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANTONINO MONTFORTE and MICHAEL McCLOSKEY, Appellants.

(Argued March 30, 1931; decided April 14, 1931.)

*Joseph M. Proskauer, J. Alvin Van Bergh* and *Solomon H. Lifschitz* for Antonino Montforte, appellant. Prejudicial error was committed by the court in permitting the District Attorney to examine the witness Tantillo as to his refusal to sign a waiver of immunity when called before the grand jury, in permitting the District Attorney to comment and draw unfavorable inferences to the jury therefrom and in refusing to charge in such a way as to remove the prejudicial effect of the District Attorney's comments. (Penal Law, § 2446; *People ex rel. Taylor* v. *Forbes*, 143 N. Y. 219; *People ex rel. Lewisohn* v. *O'Brien*, 176 N. Y. 253; *State* v. *Bailey*, 54 Iowa, 414; Code Crim. Proc. § 393; *People* v. *Minkowitz*, 220 N. Y. 399; *People* v. *Watson*, 216 N. Y. 565; *Philin* v. *Kenderdine*, 20 Penn. St. 354; *Feldgus* v. *Friedman*, 269 Penn. St. 60; *State* v. *Weber*, 272 Mo. 475; *Beach* v. *United States*, 46 Fed. Rep. 754; *Powers* v. *State*, 75 Neb. 226; *State* v. *Nelson*, 91 Vt. 168.)

*Frank Oliver* and *Samuel Gottlieb* for Michael McCloskey, appellant. Prejudicial error was committed in permitting the District Attorney to interrogate defendant McCloskey and the witness Tantillo as to whether they had refused to sign waivers of immunity when called before the grand jury, in a manner and for the purpose of indicating that unfavorable inferences must be drawn therefrom. The trial court, upon request, charged the jury that these individuals had a legal right to refuse to sign such waiver, but erroneously declined to instruct the jury that no unfavorable inferences were to be drawn therefrom, and that it did not affect their credibility. (New York Const. art. 1, § 6; Code Crim. Proc. § 10;

Penal Law, § 584; *People ex rel. Taylor* v. *Forbes*, 143 N. Y. 219; *People ex rel. Lewisohn* v. *O'Brien*, 176 N. Y. 253; *People* v. *Riley*, 129 Misc. Rep. 373; *People* v. *Burleson*, 119 Misc. Rep. 107; *People* v. *Gillette*, 126 App. Div. 665; *People* v. *Lewis*, 14 Misc. Rep. 264; *State* v. *Bailey*, 54 Iowa, 414; *Lloyd* v. *Passingham*, 16 Ves. Jr. 59; *Bunckley* v. *State*, 77 Miss. 540; *Pennsylvania R. R. Co.* v. *Durkee*, 147 Fed. Rep. 99; *Matter of Levy*, 255 N. Y. 223; *Matter of Schneidkraut*, 231 App. Div. 109.)

*Charles B. McLaughlin, District Attorney* (*Sol Boneparth, Samuel J. Foley* and *Herman J. Fliederblum* of counsel) for respondent. With respect to the refusal to waive immunity on the part of the witness Tantillo and defendant McCloskey, the court committed no error in its rulings on the testimony, on the summation of the District Attorney, and in its refusal to charge. (*People* v. *Chacon*, 102 N. Y. 669; *People* v. *Kennedy*, 164 N. Y. 449; *Matter of Findlay*, 253 N. Y. 1; *Flora* v. *Carbean*, 38 N. Y. 111; *Millman* v. *Tucker*, Peake Add. Cas. 222; *Lloyd* v. *Passingham*, 16 Ves. Jr. 59; *People* v. *Connolly*, 233 N. Y. 330; *People* v. *Johnson*, 228 N. Y. 332; *People* v. *Trybus*, 219 N. Y. 18; *Brown* v. *Walker*, 161 U. S. 591; *People* v. *Milks*, 70 App. Div. 438; *Commonwealth* v. *Smith*, 40 N. E. Rep. 189; *Commonwealth* v. *Goldstein*, 62 N. E. Rep. 328.)

*Per Curiam.* A witness called by the defendant McCloskey was asked by the district attorney upon cross-examination if he had refused to sign a waiver of immunity when called before the grand jury. The attorney for the defendant McCloskey did not object to the question, but stated, " I want him to answer." The attorney for the defendant Montforte objected to a similar question asked the same witness. The objection was overruled and an exception taken by the attorney for Montforte. The learned trial justice refused to charge " that the jury may draw no unfavorable inference from

the fact and that the refusal in no way affected his credibility." To the refusal to charge as requested the attorney for Montforte duly excepted. There was, therefore, no objection taken by the defendant McCloskey either to the receipt of the evidence or the refusal to charge as requested. The attorney for the defendant Montforte took exceptions which raised the question. We are satisfied, however, that the error in the ruling, if any, was so trifling in its effect as to the only defendant who excepted that it could not have affected the finding of the jury and must be disregarded under section 542 of the Code of Criminal Procedure. We have examined the other questions raised by the counsel for defendants and do not find any error which requires the reversal of the judgment of conviction.

The judgment of conviction should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN and HUBBS, JJ., concur; KELLOGG and O'BRIEN, JJ., dissent and vote for reversal as to the defendant McCloskey on the ground that his guilt is not established beyond a reasonable doubt.

Judgment affirmed.